UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LERON BROWN, | No. 2:16-cv-1641-JAM-EFB P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DAVE DAVEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] A jury convicted him on March 6, 2015 in the Sacramento County Superior Court on charges of second degree burglary (Cal. Penal Code section 459) and possession of burglary tools (Cal. Penal Code section 466). He seeks federal habeas relief on the following grounds: (1) the trial court erred in failing to admit evidence of his exculpatory statements; (2) the trial court erred in instructing on the inference of guilt following his flight; (3) insufficient evidence supported his burglary conviction; and (4) his trial counsel was constitutionally ineffective in refusing to allow him to testify in his defense.

Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

---

[1] The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

1

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Defendant was walking around an apartment complex in the early morning knocking on apartment doors until he found one (unit 60) where nobody answered. Inside unit 60 were an office chair and a television that were part of a pile that included a mattress and kids' toys. The tenants in unit 60 had moved out recently. The property manager had not yet hauled away these items because the tenants still had time to come back to the apartment and retrieve their property. The property manager was alerted to defendant's presence at the complex when the tenant from unit 59 (which was next door to 60) told the manager he had heard noises that sounded like somebody was walking inside unit 60 and moving stuff. The property manager saw defendant coming out of an elevator in the complex (with nothing in his hands), and he told defendant he needed to leave. Defendant asked if he could quickly grab his bike, and the property manager said, "yes." Defendant got his bike, went around the corner, and left. Five minutes later, though, the apartment manager saw defendant in the apartment complex pushing the office chair and television. Police found defendant a short time later at a nearby gas station, where he had just been hit by a car while riding his bike. In defendant's pant pockets were a flathead screwdriver, a pair of wire cutters, and a shaved key. Police found the office chair and television in one of the apartment parking stalls. A jury found defendant guilty of second degree burglary and possessing burglary tools.

*People v. Brown*, 2016 WL 879258, at *1 (Cal.App. 3 Dist., 2016) (unpublished).

## II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

> merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S. 34 (2011)); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v.*

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be

3

*Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When

---

overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

5

habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A.    Failure to Admit Evidence of Petitioner's Exculpatory Statements**

Petitioner claims that the trial court erred in failing to admit his exculpatory statements as evidence. ECF No. 1 at 4.[3] In his petition, he states that he "never entered the apartment and also did not do the grafiti (sic)." *Id*. He also claims that "there was (sic) things outside that I could see had been abandoned by someone, and I moved some things making sure not to be stealing." *Id*. Respondent argues that this claim was not exhausted at the state level. ECF No. 20 at 12. The court agrees, but elects to resolve this claim on its merits. *See Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005) (emphasizing that federal court may deny an unexhausted claim on the merits if it is clear that petitioner has failed to raise a colorable federal claim).

This claim is perplexing insofar as it is undisputed that petitioner did not testify at trial. As noted above, one of the other claims raised in this petition is that his trial counsel prevented him from doing so. ECF No. 20 at 5. As such, there is no basis by which to conclude that the trial court excluded his statements or that the jury had any basis on which to consider them.

    **B.    Flight Instruction**

Next, petitioner claims that the trial court erred when it gave a flight instruction pursuant to CALCRIM No. 372.[4] ECF No. 1 at 4. This claim was presented to the court of appeal and rejected:

/////

---

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] The trial court instructed:

If the defendant fled or tried to flee immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled or tried to flee, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled or tried to flee cannot prove guilt by itself.

Clerk's Transcript on Appeal, Vol. I at 122.

> Defendant contends the court erred in instructing on the inference of guilt following his flight after the burglary (CALCRIM No. 372) because the property manager told him to leave. He argues "[t]here was no circumstantial evidence that [defendant]'s departure was motivated by a consciousness of guilt, or the purpose of avoiding detection." The problem with defendant's contention is that it does not take into account all the facts of defendant's departure from the apartment complex. Namely, although the property manager initially did tell defendant to leave and it appeared that defendant did so, defendant returned to the complex shortly thereafter and was seen with the stolen property. Then, the office chair and the television were discovered in an apartment parking stall, supporting a reasonable inference that defendant feigned (initial) departure from the apartment complex, only to return to get the office chair and television, but abandoned the property and fled on his bike when seen again by the property manager. Thus, there was this additional evidence that defendant did in fact flee the apartment complex when he left the second time, after being seen pushing around the stolen property.

*Brown*, 2016 WL 879258, at *2. Petitioner also presented this claim to the California Supreme Court in his petition for review (Lodg. Doc. No. 5 at 26-29) which was summarily denied (Lodg. Doc. No. 6).

1. **Applicable Legal Standards**

Challenges to state jury instructions are grounded in state law and, accordingly, not generally cognizable on federal habeas review. *Estelle v. McGuire,* 502 U.S. 62, 71-72 (1991). In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely undesirable, erroneous, or even universally condemned, but must violate some due process right guaranteed by the fourteenth amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973) (internal quotations omitted). A challenge to a trial court's jury instructions is reviewed under the standards in *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993) – that is, whether the error had a substantial and injurious effect in determining the jury's verdict. *See California v. Roy*, 519 U.S. 2, 5 (1996). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The reviewing court should consider an instruction in the context of the entire record rather than judging it in isolation. *McGuire,* 502 U.S. at 72.

/////

## 2. **Analysis**

As noted above, the state court of appeal determined that the facts of petitioner's case supported the trial court's decision to offer the flight instruction. This court is bound by that determination of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Additionally, petitioner cannot show that the relevant flight instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp*, 414 U.S. at 146-147. The instruction did not create a presumption of guilt insofar as it expressly provided that it was up to the jury to determine if petitioner actually fled and, if so, what meaning to assign to that conduct. Clerk's Transcript on Appeal, Vol. I at 122. The jury remained free to accept any explanation petitioner chose to offer for leaving the scene. The instruction also cautioned that flight was not, by itself, sufficient to establish guilt. *Id*. Finally, as respondent points out, the Ninth Circuit has repeatedly confirmed the constitutionality of similar flight instructions. *See, e.g.*, *Karis v. Calderon*, 283 F.3d 1117, 1131-1132 (9th Cir. 2002) (declining to find a flight instruction fundamentally unfair where instruction stated that flight alone was insufficient to establish guilt and did not direct jury to ignore defendant's explanation for his flight); *Houston v. Roe*, 177 F.3d 901, 910 (9th Cir. 1999) (no clearly established federal law prohibiting a flight instruction where defendant admits committing the act charged); *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994) (flight instruction was proper even where there was an issue as to the identity of the person fleeing since (1) the prosecution made a strong showing it was defendant who left the scene and (2) the jury was instructed that defendant's flight was evidence of guilt only if it were proved).

Accordingly, this claim should be denied.

### C. **Sufficiency of the Evidence**

Petitioner's third claim is that his conviction for burglary was not supported by sufficient evidence. ECF No. 1 at 5. The state court of appeal rejected this claim, reasoning:

> Defendant contends there was insufficient evidence he committed burglary because there was no evidence the property was owned by someone else, as the tenants abandoned the office chair and

8

> television. Related to this contention is another that defendant raises—the court should have instructed on (or defense counsel was ineffective in not requesting instruction on) mistake of fact (namely, defendant's mistaken belief that the property was abandoned or discarded) and defendant's claim of right (namely, defendant believed in good faith he had a right to the property and he openly took it).
>
> There are two reasons these contentions are nonstarters. One, as to the sufficiency of evidence, burglary requires only entry with the required intent; this entry constitutes the completed crime of burglary regardless of whether any felony or theft is actually committed. (*People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18.) Thus, the perpetrator of the burglary does not have to know exactly what is inside when he or she enters—he or she only has to have the unlawful intent when entering. Here, defendant was knocking on apartment doors until he found a unit where nobody answered. Once he entered that unit with the intent to take whatever personal property of another was inside, he committed the crime of burglary. Moreover, there was evidence that this property had not yet been abandoned by the tenants of unit 60, because they still had time to retrieve the office chair and television before the property manager was going to haul them away.
>
> Two, as to the instructional arguments, the only defense defendant offered at trial was the People could not prove that he even entered unit 60. There was no evidence and thus no argument to be made that defendant believed he had a right to the office chair or television or evidence that defendant believed the property inside belonged to nobody, i.e., was not "the personal property of another." (Pen.Code, § 484, subd. (a).)

*Brown*, 2016 WL 879258, at *1–2. Petitioner also presented this claim to the California Supreme Court in his petition for review (Lodg. Doc. No. 5 at 6-14) which was summarily denied (Lodg. Doc. No. 6). The court notes that the immediate petition does not mention or in any way reference the corresponding instructional arguments based on mistake of fact and claim of right. Accordingly, the court will only address the sufficiency of the evidence claim. *See* Habeas Corpus Rule 2(c) (1) - (2) (The petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.").

### 1. **Applicable Legal Standards**

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any

9

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Sufficiency of the evidence claims in federal habeas proceedings must be measured with reference to substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16.

In conducting federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution." *Ngo v. Giurbino*, 651 F.3d 1112, 1115 (9th Cir. 2011). "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam ) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted).

If the record supports conflicting inferences, the reviewing court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133, 130 S. Ct. 665, 175 L. Ed. 2d 582 (2010) (per curiam) (quoting *Jackson*, 443 U.S. at 326). In evaluating the evidence presented at trial, this court may not weigh conflicting evidence or consider witness credibility. *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997). Instead, as noted above, the Court must view the evidence in the "light most favorable to the prosecution." *Jackson*, 443 U.S. at 319.

Juries have broad discretion in deciding what inferences to draw from the evidence presented at trial. This court may not "impinge[ ] on the jury's role as factfinder," or engage in "fine-grained factual parsing." *Coleman*, 132 S.Ct. at 2065. As the Ninth Circuit has explained,

"[t]he relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991). Under *Jackson*, the Court need not find that the conclusion of guilt was compelled, only that it rationally could have been reached. *Drayden v. White*, 232 F.3d 704, 709-10 (9th Cir. 2000).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Because this case is governed by the Anti-Terrorism and Effective Death Penalty Act, this court owes a "double dose of deference" to the decision of the state court. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (quoting *Boyer v. Belleque*, 659 F.3d 957, 960 (9th Cir. 2011)). *See also Coleman*, 132 S.Ct. at 2062 ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (same).

### 2. **Analysis**

The trial record conclusively demonstrates that a rational trier of fact could have agreed with the jury in this case. Petitioner contends that he knew the items in the apartment to be 'trash' and that he had ensured that 'nobody else wanted it' before taking it. ECF No. 1 at 5. At trial, however, the property manager testified that petitioner knocked on other apartment doors that day and falsely represented to an answering tenant that he had been hired to pressure wash the complex floors. Reporter's Transcript, Vol. I at 77-78, 80. A maintenance worker testified that, prior to hearing movement in apartment 60, he saw petitioner knock on both adjacent doors, possibly to ensure that he would not be seen entering the apartment. *Id*. at 120-122. Trial testimony reflected that: (1) the door and window to apartment 60 were closed on the day in question; (2) no one was allowed in; and (3) that, prior to finding petitioner in possession of the television and chair, no one had seen those items outside of the apartment. *Id*. at 65, 124-125, 136-137. Finally, a sheriff's deputy testified that burglary tools were found on petitioner's person when he was arrested later that day. *Id*. at 166-168, 171.

/////

Based on the foregoing, the court concludes that sufficient evidence supports petitioner's burglary conviction. As noted above, the question is not whether there is any possibility of petitioner's innocence. Rather, the pertinent inquiry is whether the jury could rationally arrive at its verdict. *See Mares*, 940 F.2d at 458. That question is answered in the affirmative here.

### D.     Ineffective Assistance of Trial Counsel

Finally, petitioner claims that his counsel was ineffective when she refused to allow him to testify on his own behalf at trial. ECF No. 1 at 5. This claim was presented for the first time in a habeas petition to the California Supreme Court (Lodg. Doc. No. 7 at 3) which was denied (Lodg. Doc. No. 9) with citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). Respondent contends that these citations indicate that the California Supreme Court denied this claim on the merits.

The court construes the California Supreme Court's citations as indicative of the fact that petitioner's claims were not alleged with sufficient particularity. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (noting that *Duvall* and *Swain* are "two cases that require that one must allege with sufficient particularity the facts warranting habeas relief and allow amendment to comply.") (per curiam) (abrogated on other grounds as recognized by *Waldrip v. Hall*, 548 F.3d 729 (9th Cir. 2008)). The Ninth Circuit has indicated that denials referencing *Duvall* and *Swain* should be construed as procedural. *See Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012) ("In light of its citations to Swain and Duvall, we read the California Supreme Court's denial of Gaston's sixth habeas application as . . . a holding that Gaston has not pled facts with sufficient particularity [and] was thus procedurally deficient under California law . . . .") (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), as amended by order, 447 F.3d 1165 (9th Cir. 2006)). As such, the court reviews these claims de novo. *See Cone v. Bell*, 556 U.S. 449, 472 (2009) (where a state court did not reach the merits of a petitioner's claim "federal habeas review is not subject to the deferential standard that applies under AEDPA . . . [i]nstead, the claim is reviewed *de novo*.").

Respondent acknowledges the foregoing, but argues that, under California law, "the dismissal of an action without prejudice because it fails to state a claim with sufficient particularity is an adjudication on the merits." ECF No. 20 at 20. The court for the reasons

stated hereafter, concludes that petitioner's claims fail under the more lenient *de novo* standard. Accordingly, it need not decide whether the California Supreme Court's dismissal was a merits adjudication. *See Sexton v. Cozner,* 679 F.3d 1150, 1156 (9th Cir. 2012) (noting that where a claim fails under *de novo* review "it necessarily fails under AEDPA's deferential review.").

### 1. **Applicable Legal Standards**

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id*. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id*. at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 at 104 (quoting *Strickland*, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

"The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). Thus, in federal habeas proceedings involving "claims of ineffective assistance of counsel, . . . AEDPA review must be ""doubly deferential"" in order to afford "both the state court and the defense attorney the benefit of the doubt." *Woods v. Donald*, U.S. , , 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (quoting *Burt v. Titlow*, 571 U.S. 12 (2013)). As the Ninth Circuit has recently acknowledged, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Bemore v. Chappell*, 788 F.3d 1151, 1162 (9th Cir. 2015) (quoting *Richter*, 562 U.S. at 105). *See also Griffin v. Harrington*,

13

727 F.3d 940, 945 (9th Cir. 2013) ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard.") (quoting *Richter*, 562 U.S. at 101).

### 2. **Analysis**

The Ninth Circuit has held that a defendant waives his right to testify if he "remains silent in the face of his attorney's decision not to call him as a witness." *United States v. Pino-Noriega*, 189 F.3d 1089, 1094-1095 (9th Cir. 1999). "A defendant who wants to reject his attorney's advice and take the stand may do so by insisting on testifying, speaking to the court, or discharging his lawyer." *Id*. at 1095 (internal quotations and citations omitted). There is no indication that petitioner availed himself of any of these options and, as such, this claim is without merit. *See United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993) (rejecting ineffective assistance of counsel claim where petitioner failed to object to his trial counsel's decision not to call him as a witness).

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section

/////

/////

2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 2, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE